# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

EMILY SWITZ, individually and on behalf of
all others similarly situated,

                Plaintiff,

            *vs.*                 Case No. 1:18-cv-01278

AMERICAN CORADIUS INTERNATIONAL
LLC,

                Defendant.

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, EMILY SWITZ, individually and on behalf of all others similarly situated, against Defendant, AMERICAN CORADIUS INTERNATIONAL LLC ("ACI"), based on the following:

## I.     PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

13. SWITZ is a natural person.

14. At all times relevant to this lawsuit, SWITZ was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

15. At all times relevant to this complaint, ACI is a for-profit limited liability company existing pursuant to the laws of the State of Delaware.

16. ACI maintains its principal business address at 2420 Sweet Home Road, Suite 150, Buffalo, NY 14228-2244.

17. ACI transacts business in Wisconsin; its registered agent and office is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

### III. JURISDICTION & VENUE

18. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because ACI is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

20. ACI regularly collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

21. By letter dated August 21, 2017 ("Letter"), ACI attempted to collect from SWITZ an allegedly defaulted financial obligation that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. A true copy of the Letter is attached as *Exhibit A* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and address to protect SWITZ's privacy.

23. On information and belief, ACI obtained the financial obligation ("Debt") described in *Exhibit A* for collection purposes after the Debt was in default.

24. ***Exhibit A*** is the initial letter Plaintiff received from ACI regarding the Debt.

25. On information and belief, ***Exhibit A*** is a computer-generated, template form ACI uses as the initial letter it sends consumers to collect debts.

26. ***Exhibit A*** does not disclose who is the current creditor/owner of the Debt.

27. ***Exhibit A*** states the "Original Creditor" of the alleged debt is "Paypal, Inc."

28. ***Exhibit A*** states the "Creditor" of the alleged debt is "Paypal, Inc."

29. "Paypal, Inc." is not the current creditor/owner of the Debt.

30. "Paypal, Inc." has never been a creditor/owner of the Debt.

31. ***Exhibit A*** instructs the consumer to make their payments payable only to ACI.

32. ***Exhibit A*** instructs the consumer to remit their payments only to ACI.

33. ***Exhibit A*** states that Plaintiff's "balance as of the dte of this letter is $470.52" which implies that the debt is subject to increase.

34. ***Exhibit A*** states ACI is collecting a "Paypal, Inc. account," however, there is no such financial product called a "Paypal, Inc. account."

35. To the extent the Debt was subject to increase, ***Exhibit A*** fails to inform Plaintiff how, when, and in what manner the Debt will increase and how Plaintiff may obtain the amount of the Debt to pay.

36. The Letter deprived SWITZ of truthful, non-misleading, information in connection with ACI's attempt to collect a debt.

## V. POLICIES AND PRACTICES COMPLAINED OF

37. It is ACI's policy and practice to mail written collection communications to consumers in the form of ***Exhibit A*** violates the FDCPA by, *inter alia*, failing to identify name of the creditor to whom the debt is owed.

38. The violations alleged in this complaint did not only occur with respect to Plaintiff, but with respect to all other consumers who received a letter similar to *Exhibit A*. There are at least forty people in this situation, given the fact that debt portfolios are usually purchased in bulk and collected through the use of bulk form letters like that sent to Plaintiff.

## VI. CLASS ALLEGATIONS

39. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. Plaintiff seeks to certify one class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

41. This claim is brought on behalf of a class of all natural persons with addresses in the State of Wisconsin, to whom ACI mailed an initial written communication substantially similar to the Letter that was not returned as undeliverable, which identifies the creditor as "PayPal, Inc." and sought to collect a "Paypal, Inc. account", and which was mailed during the period beginning one year prior to, and 21 days after the filing of this Complaint.

42. The identities of all class members are readily ascertainable from the business records of ACI and those entities on whose behalf it attempts to collect debts.

43. Excluded from the Class are ACI and all officers, members, partners, managers, directors, and employees of ACI and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether ACI's written communications to consumers in the form of *Exhibit A* violate 15 U.S.C. §§ 1692e and 1692g(a).

45. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither she nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

48. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, the Class defined above is so numerous that joinder of all members would be impractical and include at least 40 members.

49. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether ACI's initial written communications in the form of *Exhibit A* violate 15 U.S.C. §§ 1692e and 1692g(a).

50. **Typicality:** Plaintiff's claims are typical of the claims of class members. Plaintiff and all members of the Class have claims arising from ACI's common course of conduct complained of herein.

51. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in

Page **7** of **10**
Case 1:18-cv-01278-WCG   Filed 08/17/18   Page 7 of 10   Document 1

handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

52. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition move for class certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION

55. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

56. ACI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

57. SWITZ is a "consumer" as defined by 15 U.S.C. § 1692a(3).

58. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

59. *Exhibit A* is a "communication as defined by 14 U.S.C. § 1692a(2).

60. *Exhibit A* was mailed by ACI in its attempt to collect a debt.

61. *Exhibit A* fails to identify the name of the creditor to whom the debt is owed.

62. By failing to unambiguosly identify the name of the creditor, ACI leaves the unsophisticated consumer in doubt about to whom their alleged debt is owed and if it is legitimate.

63. ACI's use of the Letters violated the FDCPA in one or more following ways:

64. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including violation of § 1692e(2) and (10); and

65. Failing to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

66. Failing to identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

## VIII. PRAYER FOR RELIEF

67. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class as follows:

   (a) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class set forth and defined above;

   (b) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   (c) An incentive award in favor of Plaintiff in recognition for her services on behalf of the Class set forth and defined above;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

68. Trial by jury is demanded on all issues so triable.

Dated: August 17, 2018

*s/Andrew T. Thomasson*
*Andrew T. Thomasson*
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Francis R. Greene (IL Bar # 6272313)
*Attorneys for Plaintiff, Emily Switz*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com